# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | SITTING JUDGE IF OTHER THAN ASSIGNED JUDGE | |
|---|---|---|---|
| CASE NUMBER | 00 C 2984 | DATE | JUNE 29, 2000 |
| CASE TITLE | GLORIA DENSON v. METRA, TOM LESS, AND COUNTESS CARY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Metra's motion to dismiss is denied. Metra shall answer the complaint by July 16, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUL 3 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | eav | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WJS | courtroom deputy's initials | 00 JUN 30 PM 5:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 3 - 2000

GLORIA DENSON,  )
              )
       Plaintiff,  )
              )
  v.          )   No. 00 C 2984
              )
METRA, TOM LESS AND  )
COUNTESS CARY,  )
              )
       Defendants.  )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Gloria Denson is a former employee of Metra. Named as defendants in this case are Metra and two of its employees. Plaintiff alleges that she was denied a promotion and terminated because of her race and in retaliation for prior complaints of discrimination. She also claims that defendants failed to accommodate her disability, but apparently alleges this was because of her race and in retaliation. She did not check the box on her form complaint that this is an Americans with Disabilities Act ("ADA") claim and the related EEOC charges did have the disability boxe checked.[1] Plaintiff's claims against Metra would be pursuant to Title VII of the Civil Rights Act of

---

[1] In her EEOC charge as to the promotion, she also checked the box for age discrimination. She did not check the age box on her form complaint.

1964, 42 U.S.C. § 2000e et seq., and her claims against the individual defendants would be pursuant to 42 U.S.C. § 1981. See Smith v. Chicago Park District, 1999 WL 33883 *2 & n.4 (N.D. Ill. Jan. 11, 1999). As her complaint, plaintiff completed the form complaint of employment discrimination that this court provides to pro se litigants. Additionally, plaintiff attached a somewhat rambling narrative in which she makes repeated reference to an employee or supervisor mistreating her because of jealousy regarding a boyfriend.

Plaintiff previously filed a discrimination suit (98 C 6019) for which counsel was appointed, but that case involved other alleged denials of promotions and denials of equal job benefits. That case was dismissed without prejudice for failure to prosecute on May 9, 2000. The present action was filed on May 17, 2000.

Presently pending is Metra's motion to dismiss. Focusing on the narrative that is attached to the form complaint, Metra argues that the complaint does not satisfy Rule 8. The form complaint, however, is clear enough regarding the allegations that plaintiff makes. Plaintiff's conclusory allegations in the form complaint that the adverse employment actions were motivated by racial discrimination and retaliation are sufficient to satisfy the pleading requirements of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 9(b); Bennett v. Schmidt, 153

F.3d 516, 518 (7th Cir. 1998); <u>Triad Associates, Inc. v. Robinson</u>, 10 F.3d 492, 497 (7th Cir.1993); <u>Ferreira v. Thornton Township High School</u>, 1997 WL 80921 *2 (N.D. Ill. Feb. 21, 1997).

Metra argues the disability claim should be dismissed because a disability, as defined by the ADA, is not alleged and because plaintiff did not exhaust this claim before the EEOC. Exhaustion generally is an inappropriate issue to raise on a motion to dismiss. <u>Smith</u>, 1999 WL 33883 at *2; <u>Adamczyk v. Lever Brothers Co.</u>, 991 F. Supp. 931, 934 (N.D. Ill. 1997). As previously set forth, plaintiff does not allege an ADA clai--she alleges racial discrimination as to accommodating her disability. Therefore, there is no ADA claim to dismiss and she need not have had a disability satisfying the ADA. This aspect of the motion will be denied.

Metra contends the statement in the narrative that the individual defendants were also named in the prior lawsuit is false and therefore the retaliation claim should be dismissed. Even taking judicial notice of the other lawsuit and finding this statement to be inaccurate, the merits of plaintiff's suit is not affected. This allegation is not essential to the retaliation claim and therefore is not a basis for dismissing the retaliation claim.

Metra also refers to the narrative making reference to retaliation related to the boyfriend, which Metra contends shows

- 3 -

that the motive was not race or retaliation for complaining about discrimination. The form complaint, however, expressly alleges race and retaliation as the motivation for the adverse employment actions. That is sufficient to withstand the motion to dismiss.

Metra's motion to dismiss will be denied.[2]

IT IS THEREFORE ORDERED that Metra's motion to dismiss is denied. Metra shall answer the complaint by July 16, 2000.

ENTER:

[signature]

UNITED STATES DISTRICT JUDGE

DATED: JUNE 29, 2000

---

[2] At the moment, the prior lawsuit has been dismissed. In the event that lawsuit is reinstated, it may be appropriate to consolidate the two cases, either by reassignment of the present case or through amendment of one of the complaints and dismissal of the other.