Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2984 | DATE | APRIL 25, 2002 |
| CASE TITLE | GLORIA DENSON v. NORTHEAST ILL. REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a Metra | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Plaintiff's motion for reconsideration [84] is denied. In open court on June 19, 2002 at 11:00 a.m., the parties shall present an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Forms 16.1.1 and 16.1.2. Before that date, the parties shall hold a meeting to discuss possible settlement.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | APR 2 6 2002 date docketed | |
| ✓ | Notices mailed by judge's staff. | | | 87 |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 02 APR 25 PM 3:23 | 4/25/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | FILED-FED | | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |


APR 26 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA DENSON,<br><br>          Plaintiff,<br><br>    v.<br><br>NORTHEAST ILLINOIS REGIONAL<br>COMMUTER RAILROAD CORPORATION,<br>d/b/a/ Metra,<br><br>          Defendant. | No. 00 C 2984 |

## MEMORANDUM OPINION AND ORDER

Following this court's ruling on summary judgment, all of plaintiff's claims of Title VII and § 1981 racial discrimination and retaliation were dismissed. The only remaining claim is an FELA claim based on an injury or injuries occurring in August 1999 or later. See Denson v. Northeast Illinois Regional Commuter R.R. Corp., 2002 WL 15710 (N.D. Ill. Jan. 4, 2002) ("Denson II"). See also Denson v. Metra, 2000 WL 877018 (N.D. Ill. July 3, 2000). Familiarity with Denson II is presumed. Presently pending is plaintiff's motion to reconsider granting summary judgment as to the discrimination and retaliation claims.

Contrary to defendants' contention (and plaintiff's mislabeling of her motion), Fed. R. Civ. P. 59(e) does not apply



to the pending motion. Rule 59(e) only applies once judgment has been entered; no judgment was entered following the grant of partial summary judgment. Instead, this court may exercise its inherent authority to reconsider any interlocutory order prior to the entry of judgment. See Fed. R. Civ. P. 54(b); Petit v. City of Chicago, 2001 WL 1143163 *2 (N.D. Ill. Sept. 27, 2001); Anderson v. Cornejo, 199 F.R.D. 228, 252-53 (N.D. Ill. 2000); Ruehman v. Village of Palos Park, 842 F. Supp. 1043, 1062 (N.D. Ill. 1993), aff'd, 34 F.3d 525 (7th Cir. 1994); Pivot Point International, Inc. v. Charlene Products, Inc., 816 F. Supp. 1286, 1288 (N.D. Ill. 1993); United States for Use and Benefit of A. Hollow Metal Warehouse, Inc. v. United States Fidelity & Guaranty Co., 700 F. Supp. 410, 411-12 (N.D. Ill. 1988); Turner v. Chicago Housing Authority, 771 F. Supp. 924, 926 & n.2 (N.D. Ill. 1991), vacated & remanded on other grounds, 969 F.2d 461 (7th Cir. 1992). In comparison with a Rule 59(e) motion, the scope of issues that may be raised in seeking reconsideration of an interlocutory order is broader. See Anderson, 199 F.R.D. at 253; Simmons v. City of Chicago, 1997 WL 30999 *2 (N.D. Ill. Jan. 23, 1997); United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996); Ruehman, 842 F. Supp. at 1065; Bankard v. First Carolina Communications, Inc., 1992 WL 3694 *6 n.3 (N.D. Ill. Jan. 6, 1992). The merits of plaintiff's reconsideration motion will be considered.

Plaintiff again contends that she was qualified for the Payroll Supervisor position because the Qualifications Review Committee labeled her as such. As is discussed in Denson II, 2002 WL 15710 at *6, the undisputed evidence shows that the Qualification Review Committee did not attempt to verify that plaintiff actually met the qualifications of the position. The undisputed evidence shows that she did not. Since she did not meet the minimum qualifications, she fails to make out a prima facie case as to this position. See id. at *9. Therefore, her claim regarding this promotion fails regardless of her contentions regarding the qualifications of the person actually hired. In any event, plaintiff's present contentions do not show that the asserted grounds for hiring another person were a pretext for discrimination. Undisputed evidence shows that Mark Cinabro was more qualified than plaintiff. Since plaintiff does not show that the grounds for hiring Cinabro were pretext, her retaliation claim regarding this promotion also fails.

Plaintiff contends this court misunderstood her claim related to the Ellen Holmes incident. See Denson II, 2002 WL 15710 at *2, 11-12. Plaintiff contends "[t]here is a direct nexus between plaintiff's protected activity and the issuance of the warning notice on December 8, 1999 by her supervisor." As explained in Denson II, 2002 WL 15710 at *11-12, there is no claim without an adverse employment action and a letter of

caution does not itself constitute an adverse employment action. Plaintiff still does not point to evidence that she suffered an adverse employment action related to this incident.

Plaintiff again contends that the denial of additional work equipment was retaliatory. She points to no evidence that was not previously considered. As explained in Denson II, 2002 WL 15710 at *12, the evidence does not support an inference of a causal relationship.

Plaintiff's last contention is that the court took an unrealistic view of how an office functions by discounting Cinabro's and Less's involvement in the decision to discharge plaintiff.[1] See Denson II, 2002 WL 15710 at *10-11. As explained in Denson II, the evidence does not adequately support that a causal nexus existed between plaintiff's discharge and her filing of charges or complaints.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration [84] is denied. In open court on June 19, 2002 at 11:00 a.m., the parties shall present an original and one copy of a final pretrial order in full compliance with Local Rule 16.1

---

[1] Plaintiff also contends that the court had stated at a hearing that it was permissible to avoid the cost of a deposition transcript by providing an affidavit of a person who was present at the deposition. The purported deposition testimony that was not considered, see Denson II, 2002 WL 15710 at *8, however, would not support that Cinabro was part of the decisionmaking process.

and Local Rule Forms 16.1.1 and 16.1.2. Before that date, the parties shall hold a meeting to discuss possible settlement.

ENTER:

*William T. Hoyt*
UNITED STATES DISTRICT JUDGE

DATED: APRIL 25, 2002