# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2984 | DATE | MARCH 31, 2003 |
| CASE TITLE | GLORIA DENSON v. NORTHEAST ILL. REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a Metra | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's Motions in Limine 3, 4, and 7 are granted in part and denied in part. Defendant's Motions in Limine 1, 6, 8, and 9 are denied. Defendant's Motions in Limine 2 and 5 are denied without prejudice. Status hearing set for April 16, 2003 at 11:30 a.m.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 31 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 110 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 MAR 31 PM 1:53 | 3/31/03 date mailed notice | |
| cw | courtroom deputy's initials | FILED 03-03TL Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA DENSON,                          )
                                        )
            Plaintiff,                  )
                                        )
       v.                               )   No. 00 C 2984
                                        )
NORTHEAST ILLINOIS REGIONAL             )
COMMUTER RAILROAD CORPORATION,          )
d/b/a/ Metra,                           )
                                        )
            Defendant.                  )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gloria Denson is a former employee of defendant Northeast Illinois Regional Commuter Railroad Corporation, which does business as Metra. Plaintiff claims that she suffers from an arm and shoulder injury as a result of repetitive stress from her duties at Metra, where she was employed in an office position. Plaintiff's remaining claim is limited to a Federal Employers' Liability Act ("FELA") claim for injuries suffered in August 1999 or thereafter. See Denson v. Northeast Illinois Regional Commuter Railroad Corporation, 2002 WL 15710 *7, 12-13 (N.D. Ill. Jan. 4, 2002) ("Denson II") (ruling on summary judgment), reconsideration denied, 2002 WL 745797 (N.D. Ill.

/ / 0

April 26, 2002). The parties previously presented their final pretrial order[1] and the case awaits trial. Presently pending are defendant's nine motions in limine.[2]

Motion in Limine 1

Defendant moves to preclude opinion testimony from three treating physicians of plaintiff on the ground that the opinions were not adequately disclosed in discovery. In response to an interrogatory regarding expert witnesses, plaintiff responded in part:

> Plaintiff may call any of the three doctors who provided medical care for her injured shoulder. The substance of their testimony would be consistent with their medical reports issued and which are used as exhibits to plaintiff's deposition. Their opinions as to the nature, extent, duration and cause of the injury, would be as expressed in their respective reports.

Pl. Answer No. 17 to Def. Third Set of Interrogatories. Neither side points to the specific medical records that are referenced. There is, however, no contention that defendant was unable to

---

[1] After numerous attempts and delays, the parties were unable to sufficiently cooperate in preparing a final pretrial order. Plaintiff filed her version of the final pretrial order and defendant file its objections and additions.

[2] The motions are vaguely and broadly worded and are often unclear, or even inconsistent, as to the evidence they seek to exclude. They also appear to be revised versions of motions filed in other cases that were not carefully edited for use in the present case. The motions include citation to Illinois law instead of federal law, citation to outdated rules or law, and the use of a male pronoun to refer to plaintiff. Because of their deficiencies, in general, the motions in limine will be construed narrowly.

understand the references so as to identify the "three doctors"[3] and their medical records.

Under the current version of Fed. R. Civ. P. 26(a)(2), a party is required to identify any person who may testify as an expert. Fed. R. Civ. P. 26(a)(2)(A); Graves v. Theil, 2002 WL 31455973 *2 (N.D. Ill. Oct. 31, 2002); Petit v. City of Chicago, 2002 WL 10481 *5 (N.D. Ill. Jan. 3, 2002). As to any witness "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony," the party must also provide a "written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). There is no indication that any of the three treating physicians from whom plaintiff may elicit expert opinions was retained or specially employed for that purpose. Therefore, the report requirement does not apply for their testimony. See Graves, 2002 WL 31455973 at *2; Hoover v. United States, 2002 WL 1949734 *3-6 (N.D. Ill. Aug. 22, 2002); Petit, 2002 WL 10481 at *5. All that was required was that plaintiff satisfy Rule 26(a)(2)(A) by identifying the doctors as witnesses who will provide expert opinions, which she did.

Motion in limine 1 will be denied.

---

[3]Interrogatory Answer No. 18 identified "Drs. Blonsky, Mitchell and/or Fisher" as potential witnesses. In the final pretrial order, plaintiff lists "Barry L. Fischer, MD (Metra doctor), E.R. Blonsky, MD, [and] Jack Mason, MD (Metra Employee)" as witnesses. However, only Fischer and Blonsky are included in plaintiff's "Attachment E" listing qualifications of experts.

Motion in Limine 2

Defendant seeks to preclude admission of any lay testimony about plaintiff's condition, including precluding plaintiff from reporting opinions physicians stated to her. This motion lacks specificity. However, plaintiff's response is that she agrees lay opinion testimony cannot go to ultimate facts and only requests that any order be "limited" and "mutual."

The issue is not whether lay opinion testimony is going to ultimate facts. Federal Rule of Evidence 701[4] permits lay opinion testimony as long as it is (a) rationally based on the witness's perception, (b) helpful to understanding the witness's testimony or in determining a fact at issue, and (c) not based on scientific, technical, or specialized knowledge. As long as the lay opinion testimony is admissible under Rule 701, it may go to ultimate issues. Fed. R. Evid. 704(a); In re General Instrument Corp. Securities Litigation, 2000 WL 1741937 *3 (N.D. Ill. Nov. 22, 2000). The issue raised by defendant is whether plaintiff may be providing opinion testimony that does not satisfy Rule 701 because it requires expertise.

---

[4]The Federal Rules of Evidence apply in a FELA case. See Claar v. Burlington Northern R. Co., 29 F.3d 499, 503 (9th Cir. 1994); Morgan v. Union Pacific R. Co., 182 F.R.D. 261, 263 (N.D. Ill. 1998); Stasior v. National R.R. Passenger Corp., 19 F. Supp. 2d 835, 844 (N.D. Ill. 1998). The applicable evidentiary privileges are governed by federal common law. See Fed. R. Evid. 501; Morgan, 182 F.R.D. at 263.

Defendant's Motion in Limine 2 will be denied without prejudice. The possible testimony is not adequately described and therefore there is not enough information to make a ruling. In addition to the lay opinion rule recited above, the parties should note the following general rules. As long as she does not testify to medical opinions requiring expertise, a witness may testify about her own medical symptoms as she subjectively experienced them. See Mehta v. Council for Jewish Elderly, 1996 WL 272520 *2-3 (N.D. Ill. May 20, 1996). Statements made to a treating physician for purposes of diagnosis or treatment may be admissible. See Fed. R. Evid. 803(4); Gong v. Hirsch, 913 F.2d 1269, 1273-74 (7th Cir. 1990); Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 564 (7th Cir. 1996). However, statements made by the treating physician to the patient generally will not be admissible for the truth of the matter contained therein. See Bombard, 92 F.3d at 564. The treating physician's statements may, however, be admissible for other purposes. If inconsistent with the physician's testimony or other admissible statements of the physician, such statements may be admissible for purposes of impeachment. Cf. Gong, 913 F.2d at 1274. Additionally, there may be issues in this case regarding whether plaintiff properly followed the treatment advice of physicians. Statements that physicians made to plaintiff may be relevant to that issue.

Motion in Limine 3

Defendant moves to exclude evidence that, through insurance, defendant paid plaintiff's medical bills. Plaintiff does not disagree with this motion other than to note that some of her medical expenses were not covered by insurance paid for by defendant. The motion will be granted, but limited to medical bills actually covered and paid by defendant, either directly or through insurance.

Motion in Limine 4

Defendant moves to exclude evidence of unidentified claims made by others against Metra. It also moves to exclude evidence of plaintiff's prior lawsuit against defendant, Denson v. Metra, No. 98 C 6019 (N.D. Ill.), in which the parties reached a settlement paying plaintiff $2,100 and providing six months of medical care for plaintiff's right arm and shoulder. Additionally, defendant seeks to exclude evidence of the Title VII and § 1981 claims that were previously dismissed from this lawsuit. See Denson II, 2002 WL 15710 at *1, 8-12.

Plaintiff responds that evidence of the facts underlying the Title VII and § 1981 claims, including alleged ill motives, are relevant in showing defendant's negligence and willfulness in reassigning work that plaintiff's physical condition precluded her from performing. See id. at *8. Also, the facts underlying the earlier arm and shoulder injury are likely relevant to the

reaggravation of the injury that allegedly occurred in August 1999 or later. See id. at *7.

The parties will be precluded from presenting any evidence that a prior lawsuit or other claims were previously pending, nor any evidence that a settlement agreement exists. However, to the extent relevant to the remaining FELA claim, plaintiff is not precluded from presenting facts that overlapped with the other lawsuit or claims. It was held on summary judgment that undisputed facts showed plaintiff was not denied a promotion, denied work station changes, or discharged because of racial discrimination or retaliation. Plaintiff will not be permitted to contend otherwise in the present lawsuit.

In January 2000, acting supervisor Mark Cinabro allegedly assigned plaintiff work that her physical condition prevented her from performing. See Denson II, 2002 WL 15710 at *8. On summary judgment, no determination was made as to whether there was sufficient evidence of retaliation on Cinabro's part. See id. at *10. Instead, it was held that his motivation was irrelevant because he was not the one who made the decision to discharge plaintiff. Id. at *10-11. Again, Cinabro's motivation for assigning plaintiff the disputed tasks would not be relevant to the FELA claim against Metra. Plaintiff will not be permitted to go into extraneous issues of whether Cinabro assigned her the duties in retaliation for having previously complained that, because of racial discrimination, Cinabro was chosen for a

promotion instead of plaintiff. Plaintiff does contend that her injuries, not her deficient performance, were the cause of her discharge.[5] To the extent plaintiff has sufficient evidence to support this theory, she may present evidence that Cinabro assigned her work that allegedly was not supposed to be assigned to her. She cannot, however, go into the issue of Cinabro's alleged retaliatory motive.

Motion in Limine 5

Defendant moves to preclude evidence of "speculative" future lost earnings, medical expenses, or pain and suffering.[6] If defendant believed there was insufficient evidence of future damages, it could have moved for summary judgment on this issue. Plaintiff does not admit she lacks such evidence and the motion before the court provides no basis for the court to find otherwise. Motion in Limine 5 will be denied without prejudice. If the evidence at trial fails to support future damages, the jury will not be instructed to consider such a possibility and

---

[5] It is plaintiff's theory that any deficiencies in her work performance that resulted in her discharge were deficiencies resulting from her medical problems. As the Supreme Court has recently noted, FELA allows recovery of all damages caused "in whole or in part" by the employer's "negligence." 45 U.S.C. § 51; Norfolk & Western Ry. Co. v. Ayers, 123 S. Ct. 1210, 1228 (2003).

[6] Defendant does not dispute that FELA allows for recovery of such damages if adequately proven. Cf. Ayers, 123 S. Ct. at 1215, 1219.

the parties will be precluded from raising any argument regarding future damages in their closing statements.

Motion in Limine 6

Defendant moves to preclude any evidence supporting a claim of lost wages. As has been previously indicated, whether there is sufficient evidence to support that plaintiff was discharged because of her alleged injury cannot be resolved on the present motions. As to lost wages, however, defendant has additional arguments as well. Defendant contends any contention that plaintiff was discharged for reasons other than insubordination is barred by her termination being upheld in a Railway Labor Act ("RLA") arbitration proceeding. Defendant also contends that evidence as to lost wages should be barred because plaintiff failed to respond to an interrogatory regarding her seeking other employment and a document request for copies of her income tax returns.

Plaintiff's claim for lost wages is not in any way barred or estopped by the decision of the Special Board of Adjustment upholding plaintiff's dismissal. Kulavic v. Chicago & Ill. Midland Ry. Co., 1 F.3d 507, 512-20 (7th Cir. 1993); Tarrant v. United Parcel Service, Inc., 1994 WL 30552 *2 (N.D. Ill. Feb. 3, 1994); Graves v. Burlington Northern & Santa Fe Ry. Co., 77 F. Supp. 2d 1215, 1219 (E.D. Okla. 1999). See also Brown v. Illinois Central R. Co., 254 F.3d 654, 668 (7th Cir.), cert.

denied, 534 U.S. 1041 (2001); Tice v. American Airlines, Inc., 288 3d 313 (7th Cir. 2002).

Defendant contends plaintiff did not answer an inquiry about searching for other employment that was contained in defendant's "second interrogatories." The single interrogatory contained therein requested that plaintiff "list all efforts plaintiff has made to gain employment since January 23, 2000, including the dates that applications or inquiries made, the name(s) and address(es) of the employer(s), and the position(s) applied for." Subsequent to this interrogatory being served, plaintiff retained counsel. Counsel represents that he had never seen this interrogatory and that, once he was in the case, defendant never requested that he respond to this interrogatory. In any event, plaintiff points out that defendant fully inquired about her job searches at her deposition. Thus, defendant has not been deprived of any necessary discovery. Failure to respond to the interrogatory is not an adequate basis for barring the lost wages claim.

Defendant also complains that plaintiff has not provided requested copies of tax returns. Defendant requested tax returns for 2000 and thereafter. At the time plaintiff responded to the document request, she had not yet filed a 2000 tax return. She did provide copies of her W-2's for the year 2000 and previous years. Presumably, by now plaintiff has filed her 2000 and 2001 returns, but there is no indication that she has supplemented her

prior response to the document request concerning tax returns.
See Fed. R. Civ. P. 26(e)(2). In response to the present motions, plaintiff represents that she has provided W-2's for all employment that plaintiff has had since her discharge from defendant. That should be adequate to serve defendant's purposes.

The claim for lost wages will not be barred for the failure to comply with discovery or based on the RLA arbitration decision. Motion in Limine 6 will be denied.

Motion in Limine 7

Defendant moves to bar any witness not adequately disclosed in discovery. The motion does not specifically name any witnesses. In its response to the pretrial order, defendant objects to Ted Stafford as never having been named as a witness. Defendant also objects to Philip Pagano being listed as a witness because he "was not named as a witness to any of the events." Defendant identifies Pagano as the Executive Director of Metra.

Plaintiff responds that it is her understanding that Stafford is the only witness on her pretrial order witness list that was not previously identified in discovery. She identifies Stafford as a union official who will testify as to safety rules and procedures. Plaintiff contends defendant has knowledge as to those issues.

Since not identified during discovery, Stafford will be barred. Also, it is doubtful that Metra's Executive Director

would have relevant testimony. Pagano's testimony will be barred as well.

To the extent plaintiff continues to contend these witnesses should be permitted, plaintiff may move for reconsideration at the next status hearing. Any such motion for reconsideration must be supported by a sufficient proffer as to the witness's testimony as well as a sufficient explanation regarding any failure to identify the witnesses during discovery.

Presently, Motion in Limine 7 will be granted as to Stafford and Pagano.

Motion in Limine 8

Defendant moves to bar facts concerning plaintiff's dismissal and her capacity to work on January 21, 2000. For the reasons previously set forth regarding other motions in limine, Motion in Limine 8 will be denied.

Motion in Limine 9

Defendant moves to bar any evidence as to plaintiff being injured by performing "batch keying" because the second amended complaint only refers to being injured by hand stamping. A plaintiff is not required to plead evidence. See Fed. R. Civ. P. 8(a). Defendant has been well aware that possible injury from batch keying is at issue in this case. See, e.g., Denson II, 2002 WL 15710 at *7-8. Motion in Limine 9 will be denied.

A status hearing will be held on April 16, 2003 at 11:30 a.m. At the status hearing, the parties shall be prepared to address any other issues raised in the pretrial order that are not addressed in today's ruling, except that the issue of jury instructions will not be considered at the status hearing.

IT IS THEREFORE ORDERED that defendant's Motions in Limine 3, 4, and 7 are granted in part and denied in part. Defendant's Motions in Limine 1, 6, 8, and 9 are denied. Defendant's Motions in Limine 2 and 5 are denied without prejudice. Status hearing set for April 16, 2003 at 11:30 a.m.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: MARCH 31, 2003