# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2984 | DATE | JUNE 26, 2003 |
| CASE TITLE | GLORIA DENSON v. NORTHEAST ILL. REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a Metra | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Metra's motion for costs [126] is denied without prejudice as moot. Defendant Metra's amended motion for costs [127] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra and against plaintiff in the amount of $1,482.25 costs. Absent further order of the court, execution upon the judgment for costs is stayed.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 27 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 136 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 JUN 26 PM 4:52 | 6/26/2003 date mailed notice | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA DENSON,                )
                              )
            Plaintiff,        )
                              )
      v.                      )   No. 00 C 2984
                              )
NORTHEAST ILLINOIS REGIONAL   )
COMMUTER RAILROAD CORPORATION,)
d/b/a/ Metra,                 )
                              )
            Defendant.        )

## MEMORANDUM OPINION AND ORDER

Plaintiff Gloria Denson brought this action against her former employer, defendant Northeast Illinois Regional Commuter Railroad Corporation, which does business as Metra. Also named as defendants were individual employees of Metra. Plaintiff brought claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Federal Employers' Liability Act ("FELA"). She alleged discriminatory treatment and an injury at work. See Denson v. Northeast Illinois Regional Commuter Railroad Corp., 2002 WL 15710 (N.D. Ill. Jan. 4, 2002). Plaintiff initially proceeded pro se, but an attorney subsequently filed an appearance on her behalf and continues to represent her before this court. On summary judgment, all claims

136

were dismissed except plaintiff's FELA claim against Metra for injuries suffered August 1999 or later. See id. Following a jury trial on the FELA claim, the jury returned a verdict in favor of Metra and a judgment was entered dismissing all of plaintiff's claims. Metra has timely moved for costs. In the meantime, plaintiff has filed a timely appeal.

In response to Metra's motion for costs, plaintiff contends that costs should not be awarded because she is indigent.

> There is a strong presumption in favor of awarding costs to a prevailing party, but it may be overcome by a showing of indigency by the losing party. McGill v. Faulkner, 18 F.3d 456, 457 (7th Cir.), cert. denied, 513 U.S. 889 (1994); Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983); Sanglap v. LaSalle Bank, FSB, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). The burden is on the losing party to show that he or she is indigent. Corder v. Lucent Technologies, Inc., 162 F.3d 924, 929 (7th Cir. 1998); Davis v. Teamsters Local Union No. 705, 2002 WL 1359401 *1 (N.D. Ill. June 20, 2002). The nonprevailing litigant must be indigent, not merely a person with low income or limited financial resources. Sanglap, 194 F. Supp. 2d at 801; Davis, 2002 WL 1359401 at *1; Jansen v. Packaging Corp. of America, 1997 WL 583063 *1 (N.D. Ill. Sept. 12, 1997); Deimer v. Cincinnati Sub-Zero Products, Inc., 1994 WL 517246 *1 (N.D. Ill. Sept. 20, 1994), aff'd, 58 F.3d 341 (7th Cir. 1995). It is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future. McGill, 18 F.3d at 459; Sanglap, 194 F. Supp. 2d at 801; Jansen, 1997 WL 583063 at *1; Gordon v. Castle Oldsmobile & Honda, Inc., 157 F.R.D. 438, 440 (N.D. Ill.

> 1994). Even if a litigant is indigent, costs are
> not automatically waived and may still be awarded
> at the court's discretion. McGill, 18 F.3d at
> 460; Plair v. E.J. Brach & Sons, Inc., 1995 WL
> 387789 *2 (N.D. Ill. June 28, 1995); Gordon,
> 157 F.R.D. at 440. Additionally, the litigant
> claiming indigency must provide specific evidence
> establishing his or her indigency. McGill, 18
> F.3d at 459; Cross v. Roadway Express, 1994 WL
> 592168 *1 (N.D. Ill. Oct. 26, 1994).

Alek v. University of Chicago Hospitals, 2002 WL 1880706 *1 (N.D. Ill. Aug. 14, 2002).

Plaintiff's response to the motion for costs references a financial affidavit that she filed in this case more than three years ago. Metra rightfully objects that such a dated affidavit is insufficient, especially in light of evidence at trial that she has worked in the interim. Cf. id. at *2. However, along with her notice of appeal, plaintiff filed a current financial affidavit dated June 13, 2003. In that affidavit, plaintiff attests to the facts that she has not worked since October 2002; she supports herself, two children, and a grandchild; she has no savings; and she receives supplemental security income benefits. This affidavit shows that plaintiff is presently indigent. However, it does not show whether plaintiff is unlikely to be able to pay costs in the future. Plaintiff has been employed in the past and, throughout this lawsuit, has indicated a desire to continue to work. It is possible, if not likely, that plaintiff will again be gainfully employed in the future. Costs will be

awarded at this time, but execution of the judgment on such costs will be stayed. If circumstances change, Metra may move at that time to lift the stay.

Although plaintiff has not raised any specific objections to the motion for costs, the costs claimed will be examined to determine whether all claimed costs are reasonable and adequately supported. See id.

Metra requests $289.00 that it labels as subpoena costs. This includes $50.00 for a witness fee, but such costs are limited to $40.00. See 28 U.S.C. § 1821(b). $197.00 is claimed for serving a subpoena on one witness, Debbie Thomas. Costs for subpoenas are limited to the rates the marshal would charge, Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996), which is $40.00 per hour for the first two hours and $20.00 for every hour thereafter plus $0.31 per mile. XCO International Inc. v. Pacific Scientific Co., 2003 WL 2006595 *8 (N.D. Ill. April 29, 2003). The invoice for serving a subpoena on Thomas does not specify the basis for charging $197.00. $40.00 (one hour) will be allowed as reasonable. The other $42.00 is for a subpoena served on Victoria's Secret Stores during the time of the trial. No witness from Victoria's Secret testified so this amount will not be compensated. Witness and subpoena costs totaling $80.00 will be awarded.

Metra indicates it is seeking $1,134.05 in copying costs. The invoice from Record Copy Services, however, shows only $1,062.80 in copying costs. In any event, the invoice does not show what documents were copied, the number of copies, or the number of pages or cost per page. Since the documents are not otherwise identified, the invoice alone does not show that the copying was necessary for the case or that the expenses were reasonable. No copying costs will be allowed.

Metra also requests $3,721.25 in transcript costs. Local Rule 54.1(b) limits transcript costs to the then-prevailing rate that may be charged by the official court reporters of this court. During the time discovery was taken in this case, that amount was $3.00 per page for the original transcript.[1] See Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 456 (7th Cir. 1998). Rule 54.1(b) (formerly Loc. Gen. R. 45(B)) has been read as limiting total reimbursement to $3.00 per page, not $3.00 per page plus a court reporter's attendance fee. See Alek, 2002 WL 1880706 at *2; In re Meyer, 1998 WL 160989 *3 (N.D. Ill. April 1, 1998); Delphi Industries, Inc. v. Stroh Brewery Co., 1990 WL 205928 *3-4 (N.D. Ill. Dec. 4, 1990). But see Cengr, 135 F.3d at 457; Held v. Held, 137 F.3d 998, 1002 (7th Cir. 1998); Riley v. UOP LLC, 258 F. Supp. 2d 841, ___, 2003 WL 1946500 *3

---

[1]Fees for official transcripts changed effective February 28, 2003.

(N.D. Ill. April 22, 2003); Chemetall GmbH v. ZR Energy, Inc., 2001 WL 1104604 *26 (N.D. Ill. Sept. 18, 2001); Smith v. Teamsters Local 705, 1998 WL 887086 *4 (N.D. Ill. Dec. 11, 1998); Crosby v. Federal Signal Corp., 1998 WL 812552 *4 (N.D. Ill. Nov. 19, 1998). This court is accorded considerable discretion in interpreting its own rules. Cuevas v. United States, 317 F.3d 751, 752 (7th Cir. 2003); Tenner v. Zurek, 168 F.3d 328, 331 (7th Cir. 1999). Where defendant also seeks attendance or other fees, the reimbursable amount will be limited to $3.00 per page.

No cost is allowed for invoice 29737 dated February 1, 2000 for $867.00 since the person being deposed is not identified. No cost is allowed for an expedited transcript of the trial since there is no indication that the trial transcript, which was completed some time on the last day of trial, was actually used during the trial. Even if the trial transcript was used to a limited degree, it would not be found to be reasonably necessary for the trial of this case.[2] Invoices indicate attendance fees were paid for depositions of Tom Less, Frank Racibozysk, Jennifer Stampley, and Countess Cary, but no invoices are shown for writing up those transcripts. The attendance fees will not be awarded since it is not shown that those depositions

---

[2]Whether the cost of a nonexpedited transcript would be a compensable cost of appeal if defendant prevails on appeal is not an issue that can arise until after the completion of the appeal.

were necessary. Transcript costs for the deposition of Gloria Denson will be limited to $1,185.00 which represents $3.00 per page for 395 pages. Transcripts for Mark Cinabro and Jackie Franklin cost a total of $217.25,[3] which will be awarded in full since it comes to less than $3.00 per page.[4]

Metra also provides a $150.00 receipt from United Exchange Inc. for a "Report" and a $70.00 receipt from Managed Care Services for "File review/copies." Since these receipts are not explained, no cost is allowed based on these receipts.

Costs awarded are as follows:

| | |
|---|---|
| Subpoena | $ 40.00 |
| Witness Fee | 40.00 |
| Denson Transcripts | 1,185.00 |
| Cinabro/Franklin Transcripts | 217.25 |
| Total | $1,482.25 |

IT IS THEREFORE ORDERED that defendant Metra's motion for costs [126] is denied without prejudice as moot. Defendant Metra's amended motion for costs [127] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra and against plaintiff

---

[3]This represents $164.25 for the per page charge, $3.00 shipping, and two-thirds of a $75.00 attendance fee charged for these two depositions and that of Tom Less.

[4]73 pages at $3.00 per page would be $219.00.

in the amount of $1,482.25 costs.  Absent further order of the court, execution upon the judgment for costs is stayed.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JUNE 26, 2003